# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: June 30, 2021

| | |
|---|---|
| * * * * * * * * * * * * * | UNPUBLISHED |
| BELARMINA FLORES-AYALA, * | |
| * | No. 21-1163V |
| Petitioner, * | |
| v. * | Special Master Gowen |
| * | |
| SECRETARY OF HEALTH * | Order Concluding Proceedings; Notice of |
| AND HUMAN SERVICES, * | Voluntary Dismissal; Vaccine Rule 21(a); |
| * | Non-Covered Pneumococcal Polysaccharide |
| Respondent. * | Vaccine (Pneumovax); Ineligibility |
| * * * * * * * * * * * * * | for Vaccine Program. |

*Belarmina Flores-Ayala*, Chowchilla, CA, *pro se* petitioner.
*Daniel A. Principato*, United States Department of Justice, Washington, DC, for respondent.

## ORDER CONCLUDING PROCEEDINGS[1]

On April 2, 2021, Belarmina Flores-Ayala ("petitioner"), acting *pro se*, filed a petition in the National Vaccine Injury Compensation Program.[2,3] Petition (ECF No. 1). On June 4, 2021, I held a telephonic status conference with petitioner as well as respondent's counsel. The status conference was digitally recorded. *See* Scheduling Order (ECF No. 12).

---

[1] Pursuant to the E-Government Act of 2002, *see* 44 U.S.C. § 3501 note (2012), because this opinion contains a reasoned explanation for the action in this case, I am required to post it on the website of the United States Court of Federal Claims. The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7. **This means the opinion will be available to anyone with access to the Internet.** Before the opinion is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). "An objecting party must provide the court with a proposed redacted version of the decision." *Id.* **If neither party files a motion for redaction within 14 days, the opinion will be posted on the court's website without any changes.** *Id.*

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to 34 (2012) (hereinafter "Vaccine Act" or "the Act"). Hereinafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

[3] The default procedure is that a *pro se* petitioner is required to enter and receive paper (hard copy) filings by mail, which can result in delays in case processing. But in light of the COVID-19 pandemic, the Chief Judge has suspended the paper filing requirements for *pro se* petitioners (*see* General Order No. 2, at ECF No. 5) and the petitioner has consented to electronic filing (*see* Electronic Notification Consent Form, at ECF No. 6). There is no indication that petitioner has been unable to file documents electronically or alternatively, to contact chambers via email.

As noted in the prior scheduling order, the petition concerns petitioner's receipt of a pneumococcal polysaccharide ("pneumococcal 23," "PPSV23," or "Pneumovax") vaccine administered in her left arm, followed by well-documented injuries to her left arm. The filed medical records reflect and petitioner confirmed (in the petition and during the status conference) that the pneumococcal polysaccharide vaccine was administered in her left arm.

During the status conference, I explained that a petitioner is only eligible to pursue a claim in the Vaccine Program for a vaccine set forth in the Vaccine Injury Table (the "Table"). *See* Section 11(c)(1)(A); 42 C.F.R. § 100.3 (2017). The Table only includes vaccines which the Centers for Disease Control and Prevention ("CDC") recommends for routine administration to children. The CDC currently recommends that children receive pneumococcal conjugate vaccines, but not polysaccharide-type pneumococcal vaccines like petitioner received. 66 Fed. Reg. 28, 166-01, 2001 WL 535250 (May 22, 2001); *see also Morrison v. Sec'y of Health & Human Servs.*, No. 04-1683V, 2005 WL 2008245, at *1 (Fed. Cl. Spec. Mstr. July 26, 2005) (describing how and when pneumococcal conjugate vaccines were added to the Vaccine Table).

I explained that petitioner is not eligible to pursue a claim in the Vaccine Program. I explained that petitioner may *dismiss* her claim which will result in the entry of judgment and allow her to pursue a separate claim outside of the Vaccine Program, for example, against the vaccine administrator. Alternatively, she may *withdraw* her claim and preserve her right to seek to reopen her claim, if pneumococcal polysaccharide vaccines are added to the Table, in the future. 2 Petitioner chose the second option. Therefore, I ordered petitioner to file a Notice of Voluntary Dismissal pursuant to Vaccine Rule 21(a), which was attached to the Scheduling Order issued on June 4, 2021. Petitioner's deadline to file the notice of voluntary dismissal was June 21, 2021. However, petitioner has not filed that notice or any other materials and she has not contacted my chambers. The scheduling order noted that if petitioner did not adhere to this deadline, her claim would likely be dismissed based on the conversation during the status conference.

Petitioner's statements during the status conference on June 4, 2021, are hereby construed as petitioner's notice of voluntary dismissal pursuant to Vaccine Rule 21(a).

Accordingly, pursuant to Vaccine Rule 21(a), the above-captioned claim is **dismissed without prejudice**. The Clerk of the Court is hereby instructed that **judgment shall not enter** pursuant to Vaccine Rule 21(a).

**IT IS SO ORDERED.**

                                         _____

                                         **Thomas L. Gowen**
                                         Special Master